1  SLUSSER, WILSON & PARTRIDGE LLP
   Michael E. Wilson, Texas Bar No. 21704650
2      (*pro hac vice*)
   Three Allen Center, Suite 4720
3  333 Clay Street
   Houston, Texas 77002
4  Telephone:  713-860-3307
   Email:  mwilson@slusser-law.com
5
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
6    A Limited Liability Partnership
     Including Professional Corporations
7  NEIL A. SMITH, Cal. Bar No. 63777
   DAVID A. DeGROOT, Cal. Bar No. 168073
8  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
9  Telephone:    415-434-9100
   Facsimile:    415-434-3947
10
   Attorneys for Defendant Hybrid Patents Incorporated
11

12                  UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16  COXCOM, INC.,                        CASE NO. 3:06-CV-07918 MMC

17            Plaintiff,                 **MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT OF
18       v.                              DEFENDANT'S MOTION TO
                                         TRANSFER UNDER "FIRST-FILED"
19                                       DOCTRINE**

   HYBRID PATENTS INCORPORATED,
20                                       Date:       July 13, 2007
                                         Time:       9:00 a.m.
21            Defendant.                 Judge:      The Hon. Maxine M. Chesney
                                         Ctrm:       7
22

23

24

25

26

27

28

(00008775-2)                             MEMO ISO HYBRID PATENTS' MOTION TO TRANSFER

# I.  INTRODUCTION

Under the "First-Filed" Doctrine, Defendant Hybrid Patents Incorporated ("Hybrid") requests the Court to transfer this case to Judge Ward in the Eastern District of Texas, where there are two pending cases involving issues identical to those raised by Plaintiff Coxcom, Inc. ("Coxcom") in the present case.

# II.  STATEMENT OF FACTS

Plaintiff Coxcom, a cable company, filed this case against Hybrid on December 27, 2006 for Declaratory Judgment of non-infringement, invalidity, and unenforceability of United States Patent Nos. RE 35,774, 5,586,121, 5,818,845, and 6,104,727.  Dkt. No. 1 (attached as Exhibit 1 to Declaration of Michael Wilson ("Wilson Decl.") being filed herewith).

More than five months before Coxcom filed the present case, Hybrid filed a patent infringement suit in the Eastern District of Texas against several cable companies including Cox Communications, Inc., the parent corporation of Coxcom (the "First-Filed Case").[1]  Wilson Decl., ¶ 3 and Ex. 2.  The First-Filed Case is pending before Judge Ward.  *Id.*  Coxcom's allegations in this case are identical to the issues already before Judge Ward in the First-Filed Case.[2]  Wilson Decl., ¶¶ 4, 5, 6 and Exs. 1, 3, 4, 5.[3]  Every single claim that Coxcom raises here has already been raised by the defendants in the First-Filed Case.  *Compare* Wilson Decl., Ex. 1 *to* Exs. 3, 4, 5.

Hybrid has filed a motion for leave to amend its complaint in the First-Filed Case to specifically name Coxcom and other Cox Communications' subsidiaries as defendants along with

---

[1] *Hybrid Patents Incorporated v. Comcast Corp., Comcast of Dallas, LP, Time Warner Cable Inc., and Cox Communications Inc.,* C.A. No.: 2:06-CV-292 TJW.

[2] Coxcom's counsel here also represents Cox Communications, Inc. ("Cox Communications") and all of the other defendants in that case.  Wilson Decl., ¶ 8.

[3] Coxcom's parent company, Cox Communications, has not filed an answer in the First-Filed Case.  Instead, Cox filed a motion to dismiss for lack of personal jurisdiction.  This issue is currently pending before Judge Ward.  Wilson Decl. ¶ 7.

their parent company Cox Communications, already named as a defendant. Wilson Decl., Ex. 6. While Judge Ward has not yet ruled on this Motion, no one has opposed the Motion, including Cox Communications or Coxcom. Wilson Decl., ¶¶ 9-10. The time period for filing any opposition in response to Hybrid's Motion has long since passed. *Id.*[4]

Furthermore, the same patents and the same issues are involved in an even earlier-filed related case entitled *Hybrid Patents Incorporated v. Charter Communications, Inc., et al.,* C.A. No. 2:05-CV-436 TJW, also pending before Judge Ward in the Eastern District of Texas (the "Related Case").[5] Wilson Decl., ¶ 11; *Compare* Wilson Decl., Ex. 7 *with* Ex. 1. The Related Case was filed more than a year before the present case. Wilson Decl., ¶ 11. To date, substantial discovery has occurred in the Related Case, the claim construction hearing has occurred and Judge Ward has issued a detailed claim construction ruling. Wilson Decl., ¶ 13. The Related Case is set for jury trial beginning in July 2007.[6] *Id.*

## III. PROCEDURAL BACKGROUND

On April 16, 2007, Hybrid filed a motion to dismiss this case for lack of personal jurisdiction. Dkt. Nos. 16-19. On May 11, 2007, the Court held its Initial Case Management Conference, and while the Court did not rule on Hybrid's motion to dismiss, the Court inquired about whether Hybrid would file a motion to transfer. Pursuant to the Court's inquiry, Hybrid moves the Court to transfer this case to the Eastern District of Texas.

---

[4] Hybrid has established personal jurisdiction over Cox Communications, Coxcom, and the other Cox subsidiaries listed in Hybrid's Motion for Leave in the Eastern District of Texas. *See* Wilson Decl., Ex. 6 at 1-3.

[5] The First-Filed Case and the Related Case will be referred to collectively as the "Texas Cases."

[6] Coxcom's counsel here also represents Charter in the Related Case. Wilson Decl., ¶ 11.

{00008775-2}.DOC                                    MEMO ISO HYBRID PATENTS' MOTION TO TRANSFER

# IV. LEGAL ARGUMENT

A.    Legal Standard for Transfer

A federal court may transfer an action when there is a previously-filed action in a different federal court involving similar claims and parties. Kerotest Mfg. Co. v. C-O-Two Co., 342 U.S. 180 (1952); Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). Courts have found that Kerotest establishes a "first-to-file" rule. See, e.g., Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). The first-to-file rule serves "the purpose of promoting efficiency well and should not be disregarded lightly." Alltrade, 946 F.2d at 625 (citations omitted).

A movant must satisfy three factors: (1) chronology of the two actions; (2) similarity of the two actions; and (3) similarity of the parties. Alltrade, 946 F.2d at 625-26. Transfer of the second-filed action avoids duplication, rulings that may interfere with the authority of other courts, and piecemeal resolution of issues that call for a uniform result. Colorado River Conserv. Dist. v. United States, 424 U.S. 800, 818-20 (1976).

B.    The Chronology Favors Transfer to Texas

Both of the Texas Cases were filed prior to the present case. The Related Case was filed on September 13, 2005. Wilson Decl., ¶ 11. The First-Filed Case was filed on July 14, 2006. Wilson Decl., ¶ 3. Coxcom filed its complaint in this Court on December 27, 2006, five months after the First-Filed Case and more than a year after the Related Case. Wilson Decl., ¶2 and Ex. 1.

Because the First-Filed Case was filed before this case, it has priority over Coxcom's complaint under the Alltrade chronology factor.

C.    The Similarity of Actions Favors Transfer to Texas

Every claim made in the present case is identical to claims already before Judge Ward in the Eastern District of Texas. *Compare* Coxcom's Complaint (Wilson Decl., Ex. 1) *with* Time

-4-

(00008775-2).DOC                                    MEMO ISO HYBRID PATENTS' MOTION TO TRANSFER

1  Warner's Answer (Wilson Decl., Ex. 3), Comcast's Answer (Wilson Decl., Ex. 4), Comcast of

2  Dallas's Answer (Wilson Decl., Ex. 5), and Charter's Answer (Wilson Decl., Ex. 7); Wilson Decl.,

3  ¶¶ 4, 5, 6, 11.

4       Moreover, almost all of the claims relate to the four patents-in-suit.  Wilson Decl., Exs. 1,

5  3, 4, 5, 7.  Judge Ward has already reviewed substantial briefing on the claim terms in the four

6  patents-in-suit, held a claim construction hearing, and issued a detailed claim construction ruling.

7  Wilson Decl., ¶ 13.  There is no need to duplicate Judge Ward's work and doing so would be

8  against the public policy of "promoting judicial efficiency." Alltrade, 946 F.2d at 625.

9

10      Because the claims are identical in the present case and the First-Filed Case, the second

11 Alltrade factor favors a transfer to the Eastern District of Texas.

12 D.    The Similarity of the Parties Favors Transfer to Texas

13      The parties in the present case are similar, if not identical, to those in First-Filed Case.

14 Hybrid, the defendant here, is the plaintiff in both Texas Cases.  Coxcom, the plaintiff here, is a

15

16 subsidiary of Cox Communications, a defendant in the First-Filed Case.

17      While currently the Cox family of parties are not identical, Hybrid's motion for leave to

18 amend its complaint in the First-Filed Case to specifically name Coxcom as a defendant was not

19 opposed. *See* Wilson Decl. ¶ 10, Ex. 6.  It seems inevitable that Judge Ward will grant Hybrid's

20 motion and allow Hybrid to add Coxcom to the First-Filed Case alongside its parent company,

21

22 Cox Communications (already named as a defendant).  Accordingly, the parties in the present case

23 will be identical to the parties in the First-Filed Case.

24      Because the parties are similar and will likely be identical in the present case and the First-

25 Filed Case, the third Alltrade factor favors a transfer to the Eastern District of Texas.

26

27

28

(00008775-2).DOC                                                MEMO ISO HYBRID PATENTS' MOTION TO TRANSFER

Furthermore, Coxcom will not be prejudiced by transfer.  Discovery has just begun in the First-Filed Case and Coxcom's attorneys here already represent all of the defendants in the First-Filed Case.  Wilson Decl., ¶¶ 8, 12.

## V.  CONCLUSION

Coxcom filed this suit in an attempt to escape from identical litigation that is already pending before Judge Ward in the Eastern District of Texas.  Judge Ward has already construed the patent claims.  It would wasteful for this Court to duplicate the substantial claim construction effort already undertaken by Judge Ward.

As shown above, all of the Alltrade factors favor transfer to the Eastern District of Texas.  Accordingly, Hybrid requests that the Court transfer this case to Judge Ward to be resolved as part of the First-Filed Case.

Dated:  June 8, 2007

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/_____
                    DAVID A. DeGROOT
                    Attorneys for Defendant
                    HYBRID PATENTS INCORPORATED

(00008775-2).DOC                                    MEMO ISO HYBRID PATENTS' MOTION TO TRANSFER