United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COXCOM, INC.,

        Plaintiff,
  v.

HYBRID PATENTS INCORPORATED,

        Defendant
_____/

No. C-06-7918 MMC

**ORDER AFFORDING PARTIES OPPORTUNITY TO FILE SUPPLEMENTAL BRIEFING; VACATING JULY 13, 2007 HEARING**

      Before the Court is defendant Hybrid Patents Incorporated's ("Hybrid") "Motion to Transfer Under the 'First-Filed' Doctrine," filed June 8, 2007, by which Hybrid seeks to transfer the above-titled action to the Eastern District of Texas. Plaintiff CoxCom, Inc. ("CoxCom") has filed opposition, to which Hybrid has replied. Having reviewed the papers filed in support of and in opposition to the motion, the Court hereby VACATES the hearing scheduled for July 13, 2007, in order to afford the parties the opportunity to file supplemental briefing as set forth below.[1]

---

[1] Initially, on April 16, 2007, Hybrid filed a motion to dismiss for lack of personal jurisdiction and noticed said motion for hearing on June 1, 2007. In the interim, the Court conducted a case management conference, at which the Court continued the hearing on said motion to July 13, 2007, to afford Hybrid the opportunity to amend the motion to include, as an alternative ground for relief, a motion to transfer, any such amended motion to be filed no later than June 8, 2007. Instead of filing an amended motion, however, Hybrid filed the instant motion, which CoxCom interpreted to reflect Hybrid's intent to abandon the motion to dismiss and, as a consequence, CoxCom has not filed opposition to that motion. Hybrid, in its reply, clarifies that it has not abandoned its motion to dismiss. In light of CoxCom's misunderstanding as to the need to oppose the motion to dismiss, and because the Court has discretion to hear a motion to transfer in advance of ruling on the motion to dismiss, see Fort Knox Music Inc. v. Baptiste, 257 F. 3d 108, 111-12 (2nd Cir. 2001); Koehring Co. v. Hyde Construction Co., 324 F. 2d 295, 297-98 (5th Cir. 1964); but see Pittock v. Otis Elevator Co., 8 F. 3d 325, 329 (6th Cir. 1993), the Court will defer setting a further briefing schedule on the motion to dismiss pending its determination of the motion to transfer.

1         In its reply, Hybrid points out that, after CoxCom filed its opposition, the District
2 Court for the Eastern District of Texas granted Hybrid's motion to amend to add CoxCom
3 as a defendant to the action brought therein by Hybrid, and, as a consequence, CoxCom is
4 now a party to the action pending in Texas.  Neither Hybrid nor CoxCom, however, has
5 addressed the legal issue of whether, when a party is added to an earlier-filed action after
6 the later action is filed, the earlier-filed action becomes the "first-filed" action with respect to
7 such party.
8         Additionally, although Hybrid's motion does not expressly argue that the instant
9 action should, in the alternative, be transferred for the convenience of the parties and
10 witnesses, see 28 U.S.C. § 1404(a), CoxCom, in its opposition, argues that the action
11 should not be transferred under § 1404(a), and Hybrid, in its reply, responds that the action
12 should be so transferred.  In making such respective arguments, however, neither Hybrid
13 nor CoxCom has addressed the factors generally considered by a district court in
14 determining whether to transfer an action under § 1404(a).  See Decker Coal Co. v.
15 Commonwealth Edison Co., 805 F. 2d 834, 843 (9th Cir. 1986) (setting forth nine factors
16 "court should consider"); see also A. J. Industries v. United States District Court, 503 F. 2d
17 384, 389 (9th Cir. 1974) (holding "feasibility of consolidation" with action in transferee court
18 is "significant factor in a transfer decision" and "even the pendency of an action in another
19 district is important because of the positive effects it might have in possible consolidation of
20 discovery and convenience to witnesses and parties").
21         Accordingly, the Court will afford the parties the opportunity to file supplemental
22 briefing on the issues of (1) whether the recent joinder of CoxCom in the Texas action has
23 rendered the Texas action "first-filed" with respect to CoxCom and (2) whether, in light of
24 the factors ordinarily considered under § 1404(a), the action should or should not be
25 transferred for the convenience of the parties and witnesses.
26         Hybrid shall file a supplemental brief no later than July 20, 2007, such brief not to
27 exceed ten pages in length exclusive of exhibits.  CoxCom shall file any supplemental
28 opposition no later than July 27, 2007, such brief not to exceed ten pages in length


1 | exclusive of exhibits.  The matter will stand submitted as of July 27, 2007.

2 | **IT IS SO ORDERED.**

4 | Dated: July 3, 2007

_____
MAXINE M. CHESNEY
United States District Judge