IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COXCOM, INC., | No. C-06-7918 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** |
| v. | |
| HYBRID PATENTS INCORPORATED, | |
| Defendant / | |

Before the Court is defendant Hybrid Patents Incorporated's ("Hybrid") motion, filed June 8, 2007, to transfer the above-titled action to the Eastern District of Texas. Plaintiff CoxCom, Inc. ("CoxCom") has filed opposition, to which Hybrid has replied. Pursuant to the Court's July 3, 2007 order, the parties filed supplemental briefing. Having reviewed the parties' submissions in support of and in opposition to the motion, the Court rules as follows.

**BACKGROUND**

On July 14, 2006, Hybrid filed a complaint in the Eastern District of Texas against four defendants, including Cox Communications Inc. ("Cox Communications"), alleging infringement of four patents owned by Hybrid. (See Wilson Decl., filed June 8, 2007, Ex. 2.) Specifically, with respect to Cox Communications, Hybrid alleged said defendant infringes by providing "High Speed Internet services to subscribers." (See id. Ex. 2 ¶¶ 21-

22.) On March 29, 2007, during the course of discovery in the Texas action, Cox Communication's Rule 30(b)(6) designee testified that its subsidiary CoxCom had provided "Internet services" in Texas. (See Alper Decl., filed June 22, 2007, Ex. E at 26). Subsequently, on May 4, 2007, Hybrid, in light of the testimony of Cox Communications, filed a motion for leave to amend to add CoxCom as a defendant in the Texas action, (see Wilson Decl. Ex. 6); on June 25, 2007, the Texas court granted Hybrid's motion and, that same day, Hybrid filed its First Amended Complaint, adding infringement claims against CoxCom and five other newly-added defendants, (see Jaasma Decl., filed June 29, 2007, Ex. 1.)

Meanwhile, on December 27, 2006, CoxCom filed the instant action, in which CoxCom seeks declaratory relief pertaining to the same four patents as are at issue in the Texas action; specifically, CoxCom seeks a declaration that CoxCom does not infringe, that the subject patents are invalid, that the subject patents are unenforceable, and that Hybrid does not own any of the subject patents. Additionally, CoxCom seeks relief under § 17200 of the California Business & Professions Code, based on the same set of facts that underlie CoxCom's allegation that Hybrid's patents are unenforceable and that Hybrid does not own the patents. CoxCom served Hybrid with the instant complaint on March 26, 2007.

## DISCUSSION

By the instant motion, Hybrid seeks a transfer to the Eastern District of Texas. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Here, the action "might have been brought" in the Eastern District of Texas, specifically, because Hybrid is subject to personal jurisdiction therein. See 28 U.S.C. § 1391(c) (holding, as to action against defendant corporation, venue proper in any district in which defendant is subject to personal jurisdiction); (see also Compl. ¶ 3 (alleging Hybrid's principal place of business is in Texas).)

With respect to the issue of convenience, the Court, weighing the applicable factors

relevant to such issue, see Decker Coal Co. v. Commonwealth Edison Co., 805 F. 2d 834, 843 (9th Cir. 1986), finds the Eastern District of Texas is a more convenient forum, for the reasons set forth below.

At the outset, the Court finds that although plaintiffs' choice of forum is a factor weighing against transfer, such factor is not entitled to significant weight. First, CoxCom is not a citizen of California. (See Compl. ¶ 2 (alleging CoxCom is a Delaware corporation with its principal place of business in Georgia).) Second, CoxCom appears to have engaged in forum shopping, given the absence of any showing that, at the time CoxCom filed the instant action, Hybrid was even aware CoxCom was engaging in potentially infringing conduct.[1] See Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (holding "degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue" or where "there is any indication that the plaintiff's choice of forum is the result of forum shopping"; citing cases).

With respect to the "feasibility of consolidation," the Court finds such factor weighs heavily in favor of transfer and, given the circumstances present herein, outweighs the deference due plaintiffs' choice of forum. See A. J. Industries v. United States District Court, 503 F. 2d 384, 389 (9th Cir. 1974) (holding "feasibility of consolidation" with action in transferee court is "significant factor in a transfer decision"; noting "even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties"). Each of the claims asserted herein is in the nature of a defense to a claim of infringement, and each has been raised as a defense in the Texas action by three of the four original

//
//

---

[1]CoxCom does not allege or otherwise assert, for example, that CoxCom filed the instant action as a reaction to Hybrid's sending CoxCom a cease-and-desist letter or similar communication indicating Hybrid's intent to sue CoxCom for infringement if CoxCom did not stop selling the accused products.

3

defendants.[2]  (See Wilson Decl. Ex. 3 at 10-38, Ex. 4 at 9-37, Ex. 5 at 10-38.)  In short, as a result of the Texas court's order of June 25, 2007, Hybrid's claim of infringement against CoxCom is pending in the Eastern District of Texas, where infringement claims brought by Hybrid against nine other defendants are pending, and the same defenses raised herein are asserted as defenses therein.  Under such circumstances, it is more than simply "feasible" that the Texas action and the instant action could be consolidated if they were pending in the same district; rather, such consolidation is highly likely.[3]

With respect to the convenience of the parties, CoxCom, as noted, is not a citizen of California, nor has CoxCom asserted that any CoxCom employee who is expected to be a witness resides in California.  Hybrid likewise is not a citizen of California, (see Compl. ¶ 3), and has not asserted that any Hybrid employee who is expected to be a witness resides in California.  With respect to the convenience of third-party witnesses, often the most significant factor, the Court finds transfer would be substantially more convenient for each such witness, even those who reside in California, because such witnesses would not be required to engage in duplicative litigation or travel to two different forums to attend court proceedings.[4]  See, e.g., Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1166 (S.D. Texas 1994) ("It is the convenience of non-party witnesses . . . that is the more important factor and is accorded greater weight [than the convenience of party witnesses].")  Consequently, this factor weighs in favor of transfer.

---

[2] The fourth original defendant filed a motion to dismiss, in lieu of an answer; CoxCom represents that it has not yet filed a response; and no party has advised this Court as to the status of the responsive pleadings with respect to the other newly-added defendants.

[3] CoxCom argues consolidation is unlikely because CoxCom believes the Texas court is likely to grant a motion CoxCom plans to file, seeking dismissal for lack of personal jurisdiction.  Given that CoxCom's parent has testified that CoxCom has sold, in Texas, products alleged by Hybrid to be infringing in nature, the basis for such motion is unclear.

[4] CoxCom asserts that the inventors of the patents and certain of Hybrid's licensees reside in California.  Assuming, as CoxCom asserts, such witnesses could provide testimony helpful to defend against a claim of infringement by Hybrid, such witnesses likely would be called to testify as witnesses in the Texas action, irrespective of whether the instant action were to go forward in California.

In sum, the relevant factors weigh in favor of the request for transfer pursuant to § 1404(a).[5] Moreover, such transfer would serve the multiple objectives of "eliminat[ing] duplication in discovery, avoid[ing] conflicting rulings and schedules, reduc[ing] litigation cost, and sav[ing] time and effort of the parties, the attorneys, the witnesses, and the courts." Cf. Manual for Complex Litigation (Fourth) § 20.131 (2004) (discussing objectives of transfer in context of multidistrict litigation).

Accordingly, the instant action will be transferred to the Eastern District of Texas.

**CONCLUSION**

For the reasons stated, defendant's motion to transfer is hereby GRANTED, and the instant action is hereby TRANSFERRED to the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated: August 30, 2007

MAXINE M. CHESNEY
United States District Judge

---

[5] In light of this finding, the Court does not address Hybrid's alternative request to transfer under the "first to file rule."